**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VICTOR MANUEL ESTRADA PEREZ,**

    Petitioner,

vs.                                                     Case No. 4:13cv189-RH/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

      This cause is before the Court upon a petition for writ of habeas corpus.  Doc. 1.  Though titled as a Motion for Post-Conviction Relief Pursuant to Florida Rule of Criminal Procedure 3.850, such is not appropriately filed in a federal court.  Because Petitioner seeks to vacate or set aside his state criminal conviction, the Court considers this motion as a § 2254 petition.  *See* Doc. 1; *see also* 28 U.S.C. § 2254.  Petitioner has neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis.

      Petitioner is currently incarcerated at Krome Service Processing Center in Miami, Florida, located in the Southern District of Florida.  Doc. 1 at 2, 9; *see* 18 U.S.C. § 89(c).  He challenges his conviction, following entry of a plea, from the Twentieth Judicial Circuit, Collier County, Florida, a state court located in the Middle District of Florida.  Doc. 1 at 1-2, 8; *see* 18 U.S.C. § 89(b).

      Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition

in district where he was convicted and sentenced or in district where he is incarcerated). Because Petitioner is not incarcerated in this district and does not challenge the judgment of a state court located in this district, jurisdiction is not appropriate here.

Jurisdiction is appropriate in either the United States District Court for the Middle District of Florida, the district of conviction, or the United States District Court for the Southern District of Florida, where Petitioner is incarcerated.  *See id.*  The district of conviction appears the most convenient.  *See, e.g.*, Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that courts "should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses").  Accordingly, it is respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2013.


S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:13cv189-RH/CAS